UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.

SHELLA FLEURISMA, individually,
and on behalf of all those similarly
situated,

    Plaintiff,

-vs-

OCWEN LOAN SERVICING, LLC, a
Foreign Limited Liability Company,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Shella Fleurisma (*hereinafter* "Plaintiff" or "Shella") individually, and behalf of all those similarly situated, by and through the undersigned counsel, hereby files this Class action against Defendant, Ocwen Loan Servicing (*hereinafter* "Defendant" or "Ocwen") for damages, and other legal and equitable remedies, resulting from Ocwen's negligent, knowing, and willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 (*hereinafter collectively referred to as the* "TCPA"), the Fair Debt Collection Practices Act, U.S.C. § 1692 et. seq (*hereinafter* "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.72 et. seq (*hereinafter* "FCCPA").

### I.    PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person and citizen of the State of Florida, residing in Palm Beach County, Florida.

2. Defendant is registered with the Florida Department of State, Division of Corporations as a foreign limited liability company. Its registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

3. This Court has federal question jurisdiction because this case arises out of violations of federal laws: 28 U.S.C. § 1331 and 47 U.S.C. §227(b). *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 18 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida and Plaintiff is a resident of Palm Beach County, Florida, which falls within the Southern District of Florida.

## II. BACKGROUND

### a. Telephone Consumer Protection Act ("TCPA")

5. The TCPA was enacted to, *inter alia*, protect individuals from the harassment, annoyance and abuse of unsolicited telephone calls made to their cellphones through the use of telephone dialing systems (*hereinafter* "ATDS") or pre-recorded voices (*hereinafter* "robo-calls").

6. Both ATDS and robo-calls are unlawful when made to a cellphone, unless made with the recipient's prior express-written-consent.[1] However, even where consent is provided, the call recipient has the absolute right to revoke consent by any reasonable means, this includes oral revocation.[2]

---

[1] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(2.

[2] *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, ¶ 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, ___ F.C.C. ___ (July 10, 2015); *Coniglio v. Bank of*

[1587186/1]          2

7.  Importantly, under the TCPA, the burden is on the Defendant to demonstrate that Plaintiff provided her prior express consent within the meaning of the statute.

### b. Fair Debt Collection Practices Act ("FDCPA")

8.  Congress enacted the Fair Debt Collection Practices Act (FDCPA), U.S.C. § 1692 et. seq, to eradicate the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," 15 U.S.C. § 1692(a).

9.  The FDCPA, §1692(C)(a)(2) states, in pertinent part:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any deb. . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. . . .

10. The FDCPA applies to *debt collectors*, not original creditors. Loan servicers are debt collectors in instances when the servicer receives/begins servicing the loan after it is in default.

### c. Florida Consumer Collection Practices Act ("FCCPA")

11. The Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. 559.72 et. seq, was adopted to reinforce the consumer rights established by federal law for individuals who owe money to others.

12. Importantly, unlike the FDCPA, the FCCPA applies to all persons trying to collect consumer debts, this includes original creditors and debt collectors.

---

*Am., N.A.*, No. 8:14-cv-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Fla. 2014) citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014)

13. The FCCPA, §559.72(18), states, in pertinent part:

In collecting consumer debts, no person shall:

> Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within thirty (30) days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

### d. Brief History of the Case

14. Defendant, Ocwen is a massive, nationwide loan servicer.

15. In its ruthless efforts to collect the debts underlying the loans it services, Ocwen makes repeated, abusive, and harassing telephone calls to consumers' cellphones using an ATDS and/or pre-recorded voices, without prior express written consent and regardless of a consumers' demand to cease and desist.

16. Furthermore, Defendant will often foreclose on, or substitute in on foreclosure actions in an attempt to collect on the debts underlying the loans it services. This does not seem devious until it is revealed that, even after a consumer hires an attorney to represent, protect, and communicate on their behalf, Defendant continues to berate the consumer with incessant auto-dialed and pre-recorded calls, as well as letters and bills pertaining to the debt.

17. Aside from being violative of general notions of good-faith, Defendant's calls are violative of a host of consumer protection statutes, including the TCPA, the FDCPA, and the FCCPA.

18. Indeed, in March 2016, in an last-ditch attempt after months of begging Defendant to stop the hundreds of unlawful, wrongful cellphone calls and collection letters, Plaintiff filed an individual lawsuit against Defendant alleging violations of all three (3) of the

abovementioned statutes. *See Shella Fleurisma v. Ocwen Loan Servicing, LLC,* Case No. 9:16-cv-80372-DMM (*hereinafter,* "Individual Action").

19. The Individual Action was resolved in August of 2016.

20. Astoundingly, in September of 2016, the foreclosure action still pending and Plaintiff still represented by with regard to the debt, Defendant, without inkling or indicia of consent, started sending collection letters and calling Plaintiff's cellphone again!

21. Plaintiff again made a demand to stop the incessant letters and calls to her home, again these pleas were ignored. In fact, the calls began to increase.

22. Plaintiff continues to receive dunning letters as well as auto-dialed calls and voicemails from other countries harassing her about her debt for which she has an attorney to represent her

23. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Classes actual harm, deprivation of rights, and cognizable legal injury. This includes aggravation, nuisance and invasions of privacy resulting from the receipt of repeated calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls intentionally interfered with Plaintiff and the other Class members use and enjoyment of their cellphones, including the related data, software, and hardware components.

24. By sending the collection letters at issue in this Complaint, Defendant caused Plaintiff and the members of the Classes actual harm, deprivation of rights, and cognizable legal injury. This includes aggravation, nuisance and invasions of privacy resulting from the receipt of repeated collection letters during the pendency of a foreclosure/collection action for which they hired and paid an attorney.

25. In response to Defendant's continued abusive conduct, Plaintiff files the instant lawsuit and seeks damages, as well as an injunction requiring Defendant to cease all unsolicited telephone calling and collection activities to consumers as complained of herein and an award of statutory damages to the members of the Classes under the TCPA, FDCPA, and FCCPA together with costs and reasonable attorneys' fees.

### III. COMMON FACTUAL ALLEGATIONS

26. At all times material hereto, Plaintiff and the TCPA Class were "persons" as defined by 47 U.S.C. § 153(39).

27. At all times material hereto Plaintiff and the FCCPA Class were "consumers" as defined by the Florida Consumer Collections Practices Act ("FCCPA").

28. At all times material hereto Plaintiff and the FDCPA Class were "consumers" as defined by § 15 U.S.C. §1692a(3), who incurred the below described debt for personal, family or household services.

29. At all times material hereto Defendant was a "debt collector" as contemplated by the FCCPA.

30. Plaintiff and the TCPA class never gave or revoked any indicia of consent for Defendant to call their cellphone using an ATDS or robo-caller, which was noted by Defendant in its call logs and/or account notes.

31. Plaintiff and the FCCPA Class hired attorneys to defend them in foreclosure lawsuits, which were filed or maintained by Defendant to collect on amounts allegedly owed on notes/mortgages Defendant serviced.

32. Plaintiff and the FDCPA Class hired attorneys to defend them in foreclosure lawsuits, which were filed or maintained by Defendant to collect on amounts allegedly owed on

notes or mortgages Defendant serviced, and Defendant acquired Plaintiff and the FDCPA class's notes/mortgage after it was allegedly in default.

33. Defendant made, and continues to make calls to Plaintiff and the TCPA Class via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), regardless of documented requests to stop.

34. In fact, Defendant previously admitted to calling Plaintiff using an ATDS known as the Aspect Unified IP dialing system version 6.6 and Aspect ALM version 3.1.[3]

35. In addition, Defendant knowingly made and continues to make calls to Plaintiff using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

36. Defendant is making these calls to Plaintiff and the FDCPA and FCCPA Classes despite having actual knowledge that Plaintiff and the FDCPA and FCCPA Classes are represented by counsel with regard to a debt for which Defendant is pursuing a collection or foreclosure action.

37. Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

38. Defendant not only circumvented Plaintiff and the FDCPA and FCCPA Classes' attorneys, but also intentionally and repeatedly violated the FDCPA and FCCPA.

39. None of Defendant's phone calls placed to Plaintiff or the Class were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

40. Defendant's telephone calls to Plaintiff and the class's cellphones, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

---

[3] This paragraph is not intended to limit the scope of the lawsuit to calls made from this specific type of ATDS.

[1587186/1] 7

41. Upon information and belief, Plaintiff's experience is typical of that of other Defendant's customers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

42. Defendant willfully or knowingly violated the TCPA.

43. Defendant willfully or knowingly violated the FDCPA.

44. Defendant willfully or knowingly violated the FCCPA.

### IV. FACTS SPECIFIC TO PLAINTIFF SHELLA FLEURISMA

45. Defendant began servicing Plaintiff's mortgage/note after it was in default and, eventually, after Plaintiff's condo association foreclosed, maintained a foreclosure action on same.

46. During the foreclosure action, Defendant began incessantly calling Plaintiff's cellphone. The calls, which were often attempts to collect illegal forced placed insurance and were made while Defendant knew Plaintiff was represented by counsel, were unlawful for a number of reasons.

47. Plaintiff never gave Defendant consent to call her cellphone using an ATDS.

48. Plaintiff, both verbally and in writing, demanded that Defendant cease and desist the calls, however, without regard for Plaintiff's pleas or the law, Defendant continued to call over forty (40) times a month, totaling nearly three-hundred (300) calls.

49. Finally, after becoming emotionally trampled by the daily calls reminding her that she lost her home, on March 11, 2016, Plaintiff filed the Individual Action in an attempt to stop Defendant's Ocwen's repeated violations of the TCPA, FDCPA, and FCCPA.

50. The Individual Action was resolved in August 2016, and Plaintiff did not give and has not given express consent for Defendant to re-start its abusive calls.

51. Defendant is still prosecuting the foreclosure action and Plaintiff has, at all material times, been represented by counsel in that action.

52. Without regard to lack of consent, express revocation of any indicia of consent, the Individual Action, and without regard for the fact that Plaintiff is represented by counsel with regard to the debt Defendant is seeking to collect, Defendant began calling Plaintiff's cell phone and sending incessant collection letters again!

## V.   CLASS ACTION ALLEGATIONS[4]

53. This is a class action on behalf of individuals who fell on hard times. The purpose of this action and the underlying law is not to say that consumers should not be held accountable for their debts, but rather, the purpose of this action is to hold Defendant accountable for its willful ignorance of the laws that place constraints on how Defendant seeks accountability. Defendant is pursuing civil actions through courts, as they are entitled to under the law; however, when the subjects of those actions retain counsel or seek to limit their dealings with Defendant to those managed by the Courts, Defendant disregards the rights of consumers and continues to attack and berate consumers with telephone calls and collection letters.

54. As such, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(bX3) on behalf of herself and the Classes of similarly situated individuals defined as follows:

**TCPA CLASS:** All persons in the United States who received one or more phone-calls on their cellphone from Defendant (or a third person acting on behalf of Defendant) in the last four (4) years that used an ATDS, predictive dialer and/or artificial or prerecorded voice and who

---

[4] Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

[1587186/1]                    9

(a) were represented by an attorney in a foreclosure maintained by Defendant (b) previously requested that Defendant not call such cellphone number (c) who received one of the abovementioned calls after entry by Defendant of an internal attorney handling/result code or (d) who received one of the abovementioned calls after entry by Defendant of an internal do-not call or "TCPA Consent" handling /result code.

**FDCPA CLASS:** All consumers in the United States who received from Defendant (or a third party acting on behalf of defendant) one or more telephone calls or letters pertaining to a, loan, note, and/or mortgage, obtained by Defendant after it was in default, that was the subject of a foreclosure or collection lawsuit filed or maintained by Defendant and for which the consumer was represented by counsel or Defendant entered an internal attorney handling/result code.

**FCCPA CLASS:** All consumers in Florida who received from Defendant (or a third party acting on behalf of defendant) one or more telephone calls or letters pertaining to a, loan, note, and/or mortgage, that was the subject of a foreclosure or collection lawsuit filed or maintained by Defendant and for which the consumer was represented by counsel or Defendant entered an internal attorney handling/result code.

55.  **Class Exclusions:** The following people are excluded from the Classes: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the Classes; 4) the legal representatives, successors, or assigns of any such excluded persons; 5) Plaintiff's counsel and Defendant's counsel.

56.  **Numerosity:** The exact number of the Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Based on information and understanding, Defendant has made telephone calls and sent collection letters to tens-of-thousands of consumers who fall into the definition of the Class. Members of the Classes can be identified, and Class membership ascertained, objectively through Defendant's records.

57.  **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes in that, Plaintiff and the members of the Classes sustained damages arising out of

Defendant's uniform wrongful conduct and unsolicited phone-calls and improper collection letters.

58. **Adequacy Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

59. **Commonality and Predominance:** There are numerous questions of law and fact common to the claims of Plaintiff and the Classes, and those questions go to the heart of the case and predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant's conduct violated the TCPA;

(b) whether Defendant and/or its agents made calls featuring an artificial or pre-recorded voice;

(c) whether Defendant and/or its agents systematically made phone calls to persons who did not previously provide Defendant and/or its agents with their prior express written consent to receive such phone calls;

(d) whether Defendant and/or its agents systematically made phone calls to persons who revoked their prior express written consent to receive such phone calls;

(e) whether Defendant and/or its agents systematically made phone calls to persons who Defendant had documented not to call;

(f) whether Defendant and/or its agents systematically made phone calls to persons who Defendant had documented "TCPA consent";

(g) whether Defendant and/or its agents systematically made phone calls to persons who Defendant had documented were represented by counsel in a foreclosure suit maintained by Defendant; and

(h) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

60. **Superiority & Manageability**: This case is also appropriate for Class certification because Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a Class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a Class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT – I
## VIOLATION OF THE TCPA

61. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 60 as if fully set forth herein.

62. Defendant, and others acting on its behalf, placed non-emergency phone calls to the cellphones of Plaintiff and the Class using an automatic telephone dialing system, and/or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

63. Defendant made these calls despite having knowledge that no consent had been given.

64. Defendant continued despite Plaintiff's demand to stop.

65. Defendant continued despite having knowledge and record that Plaintiff and the Class had revoked consent.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

(a) $500.00 dollars in statutory damages for each violation of the TCPA;

(b) $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA;

(c) a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

(d) a permanent injunction prohibiting Defendants from placing non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice;

(e) actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations;

(f) attorney's fees and litigation costs; and

(g) such other and further relief as the Court deems proper.

## COUNT – II
## VIOLATIONS OF THE FDCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 60.

65. At all times material hereto, Defendant was a debt collector because it began servicing the note/mortgage of Plaintiff and the FDCPA Class after the loans were in Default.

66. Defendant filed or maintained a previously filed foreclosure and/or collection action on the note/mortgage of Plaintiff and the FDCPA Class.

67. Despite having knowledge that Plaintiff and the FDCPA Class were represented by an attorney in the Foreclosure/Collection Action, Defendant willfully communicated with Plaintiff and the FDCPA class to enforce the underlying debt.

68. Defendant, therefore, has violated the FDCPA, §15 U.S.C §1692(c) and is liable to Plaintiff and the FDCPA Class for statutory damages of $1,000.00, together with attorney's fees and costs.

**WHEREFORE**, Plaintiff, individually, and on behalf of all those similarly situated requests that the following relief:

(a) an order certifying the Class as defined above, appointing Shella Fleurisma as the representative of the Class, and appointing Zebersky Payne, LLP as Class Counsel;

(b) a declaratory judgment that Defendant has violated Plaintiff's rights under the FDCPA;

(c) $1,000.00 dollars, per member of the Class, in statutory damages for violation of the FDCPA;

(d) actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations;

(e) attorney's fees and litigation costs; and

(f) such other and further relief as the Court deems proper.

## COUNT – III
## VIOLATIONS OF THE FCCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 60.

69. Despite having knowledge that Plaintiff was represented by an attorney, Defendant willfully communicated with Plaintiff to enforce an alleged debt.

70. Defendant, therefore, has violated the FCCPA, Fla. Stat. § 559.72(18), and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

**WHEREFORE**, Plaintiff, individually, and on behalf of all those similarly situated requests that the following relief:

(g) an order certifying the Class as defined above, appointing Shella Fleurisma as the representative of the Class, and appointing Zebersky Payne, LLP as Class Counsel;

(h) a declaratory judgment that Defendant has violated Plaintiff's rights under the FDCPA;

(i) $1,000.00 dollars, per member of the Class, in statutory damages for violation of the FDCPA;

(j) actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations;

(k) attorney's fees and litigation costs; and

(l) such other and further relief as the Court deems proper.

## REQUEST FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted this \_\_16\_\_ day of March, 2017 by:

          ZEBERSKY PAYNE, LLP
          110 SE 6th Street, Suite 2150
          Ft. Lauderdale, FL 33301
          Telephone:  (954) 989-6333
          Facsimile:  (954) 989-7781
          Emails:  jshaw@zpllp.com;
                       mperez@zpllp.com

By: _____
      JORDAN A. SHAW, ESQ.
      Fla. Bar No. 111771

[1587186/1]         16